NOT DESIGNATED FOR PUBLICATION

No. 117,318

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAUNDRICK STATEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed March 9, 2018.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Shaundrick Leron Staten appeals the district court's decision
revoking his probation and ordering him to serve his underlying prison sentences in two
separate cases. We granted Staten's motion for summary disposition in lieu of briefs
pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has
filed a response and requested that the district court's judgment be affirmed.

In 14CR490, Staten was convicted of two counts of aggravated assault and one
count of criminal possession of a firearm. On December 23, 2014, the district court
sentenced Staten to a controlling term of 51 months' imprisonment and granted probation
for 24 months to be supervised by community corrections.

1

In 15CR311, Staten was convicted of criminal threat. On September 14, 2015, the district court sentenced Staten to 16 months' imprisonment but granted a dispositional departure to probation for 12 months to be supervised by community corrections.

In 16CR1569, Staten pled no contest to two counts of misdemeanor battery on a law enforcement officer and one count of misdemeanor theft, all committed while he was on probation in the two prior felony cases. At a hearing on January 17, 2017, the district court sentenced Staten to 12 months in jail on each of the misdemeanor counts in 16CR569. The district court also found that Staten had violated the conditions of his probation in 14CR490 and 15CR311 by committing the offenses in the new case, as well as committing several technical violations. The district court revoked Staten's probation in the two felony cases and ordered him to serve his underlying prison sentences. Staten timely appealed and the cases have been consolidated on appeal.

On appeal, Staten claims the district court "erred in revoking [his] probation when a jail sanction remained an available option." However, Staten acknowledges that the district court may revoke probation without imposing an intermediate sanction if the offender commits a new felony or misdemeanor while on probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of

2

K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court revoked Staten's probation after finding that he committed new crimes while on probation. Based on this finding, the district court was not required to impose an intermediate sanction in this instance. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). The district court's decision to revoke Staten's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Staten has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentences.

Affirmed.